**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 4:26-cv-10132-LEIBOWITZ/TORRES**

**ALEJANDRO FIGUEROA AND**
**ZUKI FIGUEROA,**

*Plaintiffs,*

*v.*

**BALFOUR BEATTY COMMUNITIES, LLC,**
***et al.*,**

*Defendants.*

_____________________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Report and Recommendation by United States Magistrate Judge Edwin G. Torres [ECF No. 14] (the "R&R"), filed on September 16, 2026, recommending that Defendants' Motion To Dismiss the Figueroa Family's Short-Form Complaint [ECF No. 11] (the "Motion") be GRANTED IN PART and DENIED IN PART. [ECF No. 14 at 59–60]. The undersigned previously referred the Motion to Judge Torres for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 12]. No objections were filed during the 14-day objection period. Upon due consideration of the Motion, the R&R, the parties' papers, the relevant portions of the record, and the governing law, the Court finds no error. Accordingly, the Report and Recommendation is ADOPTED and AFFIRMED for the reasons given below.

**STANDARD OF REVIEW**

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

**DISCUSSION**

This mass action is brought under 28 U.S.C. §§ 1332(d)(2) and (d)(11) by Plaintiffs post-construction cleaning vendors (along with a group of current and former military service members) against private companies that owned and/or operated military housing units located at the Naval Air Station Key West ("NAS Key West"), the hazardous conditions of which Plaintiffs allege they were exposed, causing them harm. [*See generally*, Compl., ECF No. 1].

Defendants moved to dismiss the Figueroa Family's Short-Form Complaint in its entirety under Rule 12(b)(7) and Rule 19, or, alternatively, to dismiss each of its seven counts under Rule 12(b)(6). [ECF No. 11]. The alternative grounds for dismissal also attack Plaintiffs' fraud claims for failure to meet the pleading requirements of Rule 9(b). [*See id.* at 19–21]. Judge Torres recommends denying Defendants' motion on Rule 12(b)(7) and Rule 19 grounds without prejudice. [ECF No. 14 at 23–37]. Judge Torres further recommends against dismissal of Plaintiffs' negligence-based claims on Rule 12(b)(6) grounds as these claims are plausibly pleaded; however, Judge Torres agrees with Defendants that Plaintiffs' fraud-based claims (Counts XIX, XX, and XXI) are due to be dismissed but with leave to amend for failure to comply with Rule 9(b)'s pleading requirements. [*Id.* at 37–59].

## CONCLUSION

Upon due consideration of Judge Torres' well-reasoned R&R, and in the absence of any objection and finding no error, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [ECF No. 14] is ADOPTED AND AFFIRMED and fully incorporated herein.

2. Defendants' Motion To Dismiss [**ECF No. 11**] is **GRANTED IN PART** and **DENIED IN PART**.

   a. The Motion is DENIED without prejudice insofar as the Motion seeks dismissal under Rule 12(b)(7) and Rule 19.

   b. The Motion is DENIED as to Counts II, III, V, and X of the Short-Form Complaint [ECF No. 1].

   c. The Motion is GRANTED IN PART as to Counts XIX, XX, and XXI, which are DISMISSED WITHOUT PREJUDICE for failure to satisfy Rule 9(b).

   d. Plaintiffs may amend their Short-Form Complaint to re-plead Counts XIX, XX, and XXI, if they can do so in compliance with Rule 9(b)'s pleading requirements as set forth by Judge Torres in the R&R. <u>Plaintiff must strictly comply with the Court's instructions set forth below for amending their pleading</u>.

Plaintiffs must leave their Short-Form Complaint as is and amend the complaint only by adding pages titled "**<u>Rule 9(b) Allegations</u>**." **No later than October 30, 2026,** Plaintiffs must file their Amended Short-Form Complaint that alleges the "who, what, where, when, and how," *Garfield*, 466 F.3d at 1262, for Counts XIX, XX, and XXI by Count as follows:

**<u>Rule 9(b) Allegations</u>**

Count XIX

Count XX

Count XXI

Defendants will have **thirty (30) days** thereafter to move to dismiss *with prejudice* claims re-pleaded that do not satisfy Rule 9(b) or answer the claims.

**DONE AND ORDERED** in the Southern District of Florida on October 1, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record